**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SASHA NORDEEN,

     Plaintiff,

v.

                                     Civ. No. 22-0180 DHU/KK

SELECT PORTFOLIO
SERVICING, INC., *et al.*

     Defendants.

**ORDER ADOPTING JOINT STATUS REPORT AND
PROVISIONAL DISCOVERY PLAN WITH CHANGES AND
SETTING CASE MANAGEMENT DEADLINES**

THIS MATTER came before the Court at a Telephonic Rule 16 Initial Scheduling Conference held on September 12, 2022.  Following a review of the attorneys' Joint Status Report and Provisional Discovery Plan (Doc. 17), filed September 2, 2022, and after conferring with counsel, the Court adopts the Joint Status Report and Provisional Discovery Plan modified as follows:

    a)      Maximum of 25 Interrogatories by each party to any other party;

    b)      Maximum of 25 Requests for Admission by each party to any other party;

    d)      Maximum of 5 depositions by each party; and,

    e)      Depositions (other than of Plaintiff and Rule 30(b)(6) witnesses) are limited to 4 hours, unless extended by agreement of the parties.

The following case management deadlines have been set:

    a)      Deadline for Plaintiffs to amend and join additional parties by written consent or to seek the Court's leave to amend and join additional parties in compliance with Fed. R. Civ. P. 15(a)(2):             October 31, 2022

    b)      Deadline for Defendant to amend and join additional parties by written consent or to seek the Court's leave

|   | to amend and join additional parties in compliance with Fed. R. Civ. P. 15(a)(2): | November 14, 2022 |
|---|---|---|
| c) | Plaintiffs' Rule 26(a)(2) expert disclosures[1]: | January 20, 2023 |
| d) | Defendant's Rule 26(a)(2) expert disclosures[1]: | February 20, 2023 |
| e) | Termination date for discovery[2]: | March 20, 2023 |
| f) | Motions relating to discovery to be filed by[3]: | April 7, 2023 |
| g) | Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing) filed by[4]: | April 28, 2023 |

Parties may not modify case management deadlines on their own. Good cause must be shown, and the Court's express, written approval obtained for any modification of the case management deadlines set forth herein. Any requests for additional discovery must be submitted to the Court by motion before the discovery deadline expires. The parties must supplement their disclosures or discovery responses pursuant to Fed. R. Civ. P. 26(e)(1) as soon as possible, but not later than twenty-one (21) days after learning any disclosure or response is incomplete or incorrect. After the close of discovery, parties must supplement their disclosures or discovery responses as soon as possible, but no later than seven (7) days after learning of the need to supplement.

---

[1] Parties must disclose the names of all expert witnesses, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date. *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[2] Discovery must be <u>completed</u> on or before this deadline.

[3] This deadline should not be construed to extend the twenty-one-day time limit in D.N.M.LR-Civ. 26.6.

[4] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.

IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE