**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW MEXICO**

SASHA NORDEEN,

      Plaintiff,

vs.

SELECT PORTFOLIO SERVICING, INC.,
and FREDDIE MAC SEASONED CREDIT
RISK TRANSFER TRUST, SERIES 2016-1,

      Defendants.

CASE NO.: 1:22-cv-00180

## AGREED PROTECTIVE ORDER

The PARTIES have informed the Court that certain documents and information have been sought in this proceeding and that some of these documents contain confidential information. It has been agreed that to expedite the flow of discovery material and to preserve the confidentiality of this information, a protective order should be entered by the Court. The Court has reviewed the terms and conditions of this Protective Order and FINDS that the Parties have specified the following facts that provide the Court with an adequate basis on which to find good cause:

1. The Parties presented categories of information and documents that contain sensitive and confidential information subject to a protective order.

2. Defendants' categories are: (1) select confidential policies and procedures, (2) select internal screenshots of SPS' propriety and confidential loan servicing platform and (3) Securitization Servicing Agreement memorializing the securitization and transfer of subject loan in 2016.

3. These documents, screenshots and information contain propriety and confidential information to Defendants that would cause harm to Defendants if made public,

including because the information could be used by Defendants' competitors in the industry. In addition, the documents contain the names of employees and other personal information that is confidential and would potentially cause harm if made public.

4. Plaintiff's category is documents containing Plaintiff's personal identifiable information ("PII").

5. Documents containing Plaintiff's PII need to be protected from access by the public because the information can be used in a harmful manner against the Plaintiff including but not limited to identity theft.

6. The protective order would be limited to these specific categories and documents and therefore is limited in scope.

Based on Defendants' recitation of the facts set forth above, the Motion for Protective Order is GRANTED. Based on the Parties' submissions, it is hereby ORDERED that:

1. **Scope**

   a.      This Order shall govern information provided by either party whether revealed in a document, deposition, other testimony, when same is designated with the procedures set forth herein within the categories of documents set forth above. This Order is binding upon the Parties to the Proceeding, including their respective corporate parents, subsidiaries and affiliates as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

b.	Under this Order, any party shall have the right to identify and designate as "Confidential" any document or other information it produces or provides within the categories as indicated above by the parties. ("Designated Material").

c.	"Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed.

2. **Designating confidential information**

The Supplying Party shall designate documents as "Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend: "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

3. **Use of Confidential Information**

Confidential Information shall not be used by any person for any purpose other than conducting this Proceeding, and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

The parties acknowledge that this Order does not entitle them to seal confidential information filed with the Court. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking

leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the fourteen day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

      The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

4. **Disclosure of Confidential Information**

a. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "CONFIDENTIAL" pursuant to this Order.

b. Subject to Paragraph 6 below, access to information designated "CONFIDENTIAL" pursuant to this Order shall be limited to the following persons:

i. The Attorneys for the Parties, including outside and in-house counsel for the Parties, as well as members and employees of their firms including but not limited to their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this Proceeding.

ii. Outside photocopying, data processing or graphic production services employed by the Attorneys for the Parties to assist in this Proceeding.

iii. Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding.  This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information.

iv. Any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face of

"CONFIDENTIAL" material to have authored or received the "CONFIDENTIAL" material sought to be disclosed to that person, or (b) who is specifically referenced by name and substantively discussed in the "CONFIDENTIAL" material, but only as to the specific material the person authored or received, or in which such person is referenced and discussed.

v.   This Court or any other court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

vi.   Any other person to whom the Supplying Party and counsel for opposing party agree in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party and counsel for opposing party explaining why the disclosure is necessary. If the Supplying Party and counsel for opposing party do not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

IT IS SO ORDERED this 27th day of March, 2023.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

Approved as to Form and Content:

**HOUSER LLP**

By: */s/ Solomon S. Krotzer*
Solomon S. Krotzer
100 Sun Avenue N.E., Suite 650
Albuquerque, NM 87109
Phone: (949) 679-1111
Facsimile: (949) 679-1112
skrotzer@houser-law.com
*Attorneys for Defendants*

**TRUJILLO LAW LLC**

By:
Jeremy Trujillo
814 Marquette Ave. NW
Albuquerque, NM 87102
Phone: (505) 226-1062
jtrujillo@trujillolawnewmexico.com
*Attorney for Plaintiff*